Eastern District of Kentucky
FILED
JUN 29 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-374-GWU

TERESA A. CLARK,                   PLAINTIFF,

VS:           <u>MEMORANDUM OPINION</u>

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT,

## INTRODUCTION

Teresa Clark brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. <u>See</u> 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Clark, a 39 year-old former cake decorator, cashier, delicatessen cutter and waitress with a "limited" education, suffered from impairments related to anxiety/depression and a small disc herniation at L5-S1. (Tr. 16, 18, 21). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Betty Hale

5

included an exertional restriction to light level work along with such non-exertional physical limitations as (1) a restricted ability to push or pull with the lower extremities; (2) an inability to more than occasionally climb, balance, stoop, kneel, crouch or crawl; and (3) a need to avoid exposure to full body vibration. (Tr. 383). Also considered were a number of mental restrictions presented in an earlier hypothetical question. (Tr. 383). These limitations included "moderate" restriction of ability to: (1) understand, remember and carry out detailed instructions; (2) maintain attention and concentration for extended periods, (3) interact appropriately with the general public, (4) accept instructions; (5) respond appropriately to criticism from supervisors; and (6) respond appropriately to changes in the work setting. (Tr. 381-382). The ALJ also indicated that a non-public work setting would be best. (Tr. 382). In response, Hale identified a significant number of jobs which could still be performed. (Tr. 383). Therefore, assuming that the vocational factors considered by Hale fairly characterized Clark's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the Court finds no error. The question included all of the physical restrictions identified by Dr. Robert Brown (Tr. 140-150) and Dr. John Rawlings (Tr. 274-282), the non-examining medical reviewers. No treating or examining physician of record, including the staff at Christian Healthcare (Tr. 114-115, 219-273, 302-312), the staff at Mary Breckinridge Healthcare (Tr. 126-137, 151-167), Dr. Joseph Williams (Tr. 138-139), and the staff at the Brain and Spine Neurosurgical Center (Tr. 138-139, 313-332) identified the existence of more severe physical limitations than those found by the ALJ. Therefore, the ALJ dealt properly with the evidence relating to Clark's physical condition.

The ALJ also dealt properly with the evidence of record regarding Clark's mental condition. The mental factors of the hypothetical question were essentially compatible with those identified by Dr. Kevin Eggerman, an examining consultant. Dr. Eggerman noted the existence of "mild to moderate" limitations in such areas as understanding, remembering, and carrying out detailed instructions, interacting with the public, co-workers, and supervisors, and responding appropriately to work pressures and changes. (Tr. 172). The plaintiff's treating source at the Kentucky River Comprehensive Care Center did not identify more severe mental restrictions than those found by the ALJ. (Tr. 192-218, 333). The claimant's Global Assessment of Functioning (GAF) was rated at 80 to 85. (Tr. 202). Such a GAF suggests the existence of no more than slight psychological impairment according to the American Psychiatric Association: Diagnostic and Statistical Manual for Mental Disorders (4th Ed.-Revised, 1994). Thus, the ALJ's findings are fully compatible with the opinion of the treating source. Finally, the mental factors of the hypothetical question were also consistent with the restrictions identified by Psychologists Jay Jacobson (Tr. 189-190) and Edward Stodola (Tr. 298-299), the non-examining medical reviewers. Therefore, substantial evidence supports this portion of the ALJ's decision.

Clark argues that the ALJ's decision was inconsistent with Hale's testimony, noting that the expert later indicated that the plaintiff's problems with pain might make it in difficult for her to maintain employment. (Tr. 384). However, this testimony was elicited from the vocational expert in response to a question concerning the pain complaints alleged by Clark during the hearing. (Tr. 384). The ALJ ultimately did not find that the claimant's testimony was credible. (Tr. 18). The ALJ cited several reasons to support this finding

7

including the lack of objective medical data and her decision to decline recommended medical treatment. (Tr. 19). Therefore, the Court must reject Clark's argument.

Finally, Clark asserts that the ALJ erred by failing to properly consider the combination of her mental and physical impairments. However, as previously noted, the hypothetical question was found to fairly characterize both the plaintiff's mental and physical condition. Therefore, the ALJ implicitly considered her impairments in combination.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 29 day of June, 2005.

G. WIX UNTHANK
SENIOR JUDGE